IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-457-CR





DONALD EUGENE GRAY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY 



NO. 368937, HONORABLE DAVID E. PURYEAR, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of resisting arrest. Tex. Penal Code Ann. § 38.03
(West 1989 & Supp. 1994). The county court at law assessed punishment at incarceration for one
day. 

 Appellant was observed by an Austin police officer urinating in an alley behind a
bar. The officer advised appellant that his conduct violated a city ordinance and, intending to
issue a citation, asked appellant for identification. When appellant attempted to walk past the
officer, the officer told him he was under arrest and seized his arm. Appellant shoved the officer
and a scuffle ensued. 

 Appellant's first point of error is that he was denied effective assistance of counsel
at trial. To prevail on this claim, appellant must show that counsel made such serious errors that
he was not functioning effectively as counsel and that these errors prejudiced appellant's defense
to such a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State,
694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). 

 Several of appellant's complaints regarding his attorney concern counsel's
performance during jury selection. Appellant urges that his attorney made disparaging and
prejudicial remarks about appellant during voir dire, failed to object to similar remarks by the
prosecutor, failed to preserve for appeal his challenges for cause against two venire members, and
failed to adequately identify jurors during voir dire so that errors could be preserved for appeal. 
With regard to the latter complaint, appellant's brief neither refers us to the page of the record
where the alleged error is to be found nor supports the contention with argument and authorities. 
Tex. R. App. P. 74(d), (f). Accordingly, we will not address it.

 Appellant contends his attorney told the jury panel that appellant had a criminal
record. The statement in question was made while counsel was attempting to learn whether a
particular venire member would give greater weight to a police officer's testimony than to that
of a defendant. (1) Counsel did not tell the panelist that appellant had a record, but instead asked
the panelist if he would give greater weight to an officer's testimony only if the accused were
shown to have a record. We find no error in this.

 During her voir dire remarks, the prosecutor observed that many prosecutions are
based on the testimony of a single witness, since few crimes are committed in front of a large
number of people. She said, "If we had to have more [witnesses], imagine cases like rape and
murder. We just can't prosecute any of those. Sometimes those are one person against one
person." We believe that the prosecutor's reference to rape and murder was purely hypothetical,
that the jury panel likely understood it as such, and that defense counsel was not deficient for
failing to object to it.

 Defense counsel challenged venire members Poer and Wolff on the ground that they
could not be impartial. These challenges were understood by the court to be based on statements
the panelists made concerning the credibility of police officers. The court indicated that it would
permit counsel to individually question the two panelists, but advised him, "I've not heard
anything yet that's going to mandate that I excuse them for cause. . . . I don't believe the general
proposition that one is more likely to believe an officer than a citizen is in and of itself grounds
for removal." Counsel replied, "I have nothing further then." The matter was not pursued, and
we agree with appellant that the challenges to the two venire members were abandoned.

 We do not agree, however, that defense counsel's abandonment of the challenges
constituted ineffectiveness. Poer, who served on the jury, said during voir dire that if a police
officer could not be believed without corroborating evidence, convictions could not be obtained
in situations in which it was the officer's word against the defendant's. Wolff, who was
peremptorily struck by the defense, said she would tend to believe a police officer "[b]ecause an
officer, I believe, takes an oath, meaning when he becomes an officer, to serve." Neither venire
member manifested a belief that police officers always tell the truth and never lie while testifying. 
See Lane v. State, 822 S.W.2d 35, 42-45 (Tex. Crim. App. 1991); Harris v. State, 784 S.W.2d
5, 21 (Tex. Crim. App. 1989). Having seen the panelists and heard their remarks, counsel could
reasonably conclude that further questioning would not disclose bias of the sort required for a
successful challenge for cause. 

 Next, appellant complains that his attorney failed to object to the State's motion in
limine seeking to exclude references to specific acts of misconduct by the officer. Appellant also
complains that his attorney failed to make an offer of proof regarding the officer's misconduct and
reputation for truth and veracity.

 Prior to jury selection, the State filed a motion in limine asking that no evidence
of any specific act of misconduct by the arresting officer be offered by the defense without first
having a hearing outside the jury's presence to determine its admissibility. Counsel stated that
he had no objection to this motion. Since the motion did not exclude evidence, but merely
required a prior showing of admissibility, counsel's agreement was neither an act of
ineffectiveness nor prejudicial to appellant's right to offer admissible evidence.

 During trial and pursuant to the motion in limine, defense counsel asked permission
to question the arresting officer outside the jury's presence "regarding his alleged misconduct both
prior to and at the time of and after this alleged incident." The court asked counsel to identify
"the specific allegations that you feel the Court needs to consider" and their source. Counsel
responded that he learned "by hearsay" that the officer 



has recently been caught going through the property room of APD. If that is, in
fact, true, that is a serious allegation. . . . [I]f he was there without a purpose,
then he was there to -- most likely to obtain something that he had no right to and
it could have been drugs. I don't know. If the allegations are, in fact, true, it may
be that [the officer] should not be giving testimony in this or any other case.



The court denied the request to recall the officer for questioning.

 Contrary to appellant's contention, trial counsel did make an offer of proof in the
form of a concise statement. Tex. R. App. P. 52(b). Counsel was prevented from calling the
officer by the court's ruling, which appellant does not challenge on appeal. No ineffectiveness
is shown.

 Appellant also contends his attorney failed to make objections to evidence and
preserve errors for appeal. This complaint relates to photographs of the scene of the altercation. 
The photographs were admitted in evidence after defense counsel observed that they were not
"very clear, but for what they purport to represent, we have no objection." Appellant makes no
showing that the photographs were inadmissible, and thus fails to demonstrate error by trial
counsel.

 Finally, appellant contends his attorney failed to secure the appearance of a witness
and failed to adequately prepare appellant for trial. The witness in question was a police officer
for whom a subpoena had been issued. Appellant does not state, and the record does not
otherwise reveal, what this officer's testimony would have been or how appellant was harmed by
the witness's absence. As to trial preparation, appellant points to several instances in which he
spoke out of turn during trial, drawing an admonishment from the court. We decline to blame
trial counsel for appellant's own misconduct.

 Appellant has failed to demonstrate that defense counsel's performance at trial was
outside the range of reasonably effective representation. Point of error one is overruled.

 Appellant's second point of error is that the district court erred by overruling his
challenges to venire members Poer and Wolff. As previously discussed, appellant abandoned his
challenges to these venire members. Thus, this allegation presents nothing for review. Point of
error two is overruled.

 In his last point of error, appellant complains of jury misconduct. Appellant filed
a motion for new trial on this ground supported by an affidavit from a juror. The affidavit states:



I and another juror felt that it was not proven beyond a reasonable doubt that Mr.
Gray was guilty. . . . They [the other jurors] convinced the other juror to see it
their way but not I and after a while when I would not change my mind Mr.
Michael Poer got very upset with me and accused me of not wanting to do my
duty. . . . Mr. Poer crushed the paper cup he was drinking from and threw it
across the room . . . and after more talking I did change my mind.



Appellant did not bring forward on appeal the transcription of the court reporter's notes from the
hearing on his motion for new trial. See Tex. R. App. P. 50(d). In any event, jurors may not
impeach their verdicts by affidavit or testimony about their mental processes during deliberations. 
Tex. R. Crim. Evid. 606(b); Goldstein v. State, 803 S.W.2d 777 (Tex. App.--Dallas 1991, pet.
ref'd); Hernandez v. State, 774 S.W.2d 319, 325 (Tex. App.--Dallas 1989, pet. ref'd). A heated
difference of opinion among jurors during deliberations does not constitute misconduct. Point of
error three is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith; 

   Chief Justice Carroll Not Participating


Affirmed


Filed: March 9, 1994


Do Not Publish

1. Appellant testified in his own behalf.